UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARCUS MABLE, JR.,

          Plaintiff,

Civil No. 09-766 (JNE/JJG)

v.

**REPORT AND RECOMMENDATION**

PATRICK HOEL,

          Defendant.

Plaintiff, a prisoner of the State of Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay any filing fee when he filed this action, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.)

When the matter came before this Court for initial review, the Court noted that Plaintiff is barred from proceeding IFP under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1] Therefore, by order dated April 10, 2009, (Docket No. 3), the Court directed Plaintiff to pay the full $350 filing fee prescribed by 28 U.S.C. § 1914(a). That order expressly advised Plaintiff that if he did not pay the full filing fee by May 8, 2009, the Court

---

[1] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

    "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute – 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

would recommend that this action be summarily dismissed.

The deadline for paying the full filing fee has now passed, and Plaintiff has not paid the fee, nor has he offered any excuse or explanation for his failure to comply with the Court's prior order. In fact, Plaintiff has not communicated with the Court at all since he commenced this action. Therefore, the Court will now recommend, in accordance with the prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: May 18, 2009
     s/ *Jeanne J. Graham*
     JEANNE J. GRAHAM
     United States Magistrate Judge

### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 2, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.